UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

|  |  |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

June 20, 2017

MEMORANDUM TO COUNSEL RE:    Patrick J. Kelly v. OCWEN Loan Servicing LLC, et al.
Civil Action No. GLR-17-39

Dear Counsel:

Pending before the Court is Defendants'[1] Motion to Dismiss Plaintiff Patrick J. Kelly's Complaint. (ECF No. 6). The Motion is fully briefed and ripe for disposition. No hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons that follow, the Court will grant the Motion and dismiss Kelly's Complaint with prejudice.

This action arises out of Kelly's attempt to rescind a loan (the "Loan") that he executed with IndyMac Bank ("IndyMac")[2] on June 20, 2007. (Compl. ¶¶ 3, 9, 38, ECF No. 1). The Loan was a refinance mortgage secured by a deed of trust on a residential property located in Pasadena, Maryland. (Id. ¶¶ 3, 9). National Capital Title & Escrow, LLC ("National Capital Title") performed the settlement services. (See id. ¶ 9). On June 10, 2008 and July 20, 2008, Kelly sent letters to IndyMac expressing his intent to exercise his right under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 (2012), to rescind the Loan. (Id. ¶¶ 14, 16). IndyMac received the letters, but failed to respond. (Id. ¶¶ 15, 16).

At some point after attempting to rescind the Loan, Kelly filed a bankruptcy petition in the United States Bankruptcy Court for the District of Maryland. On November 16, 2015, Kelly filed an Adversary Complaint against Defendants in the Bankruptcy Court. (Compl., ECF No. 4, GLR-16-1049). Among other relief, Kelly sought a declaratory judgment that he properly rescinded the Loan. (Id. ¶ 12). In December 2015, Defendants moved to dismiss the Adversary Complaint for failure to state a claim upon which relief can be granted. (ECF No. 14, GLR-16-1049). In August 2016, before the Bankruptcy Court ruled on the motion to dismiss, this Court withdrew the reference to the Bankruptcy Court. (ECF No. 3, GLR-16-1049).

In October 2016, the Court granted Defendants' motion to dismiss, explaining that Kelly did not state a plausible claim for rescission because he did not allege that Defendants failed to satisfy a TILA disclosure requirement. (ECF No. 37, GLR-16-1049). The Court dismissed Kelly's complaint

---

[1] Defendants include OCWEN Loan Servicing LLC, IndyMac Mortgage Services, OneWest Bank, NA, and Deutsche Bank National Trust Company as Trustee for Residential Asset Securitization Trust 2007-A9 Mortgage Pass Through Certificates Series 2007-I.

[2] Kelly does not name IndyMac as a Defendant.

without prejudice, affording Kelly an opportunity to pursue rescission under a new cause of action and a revised complaint. (Id.).

Kelly filed the present action on January 5, 2017, again seeking a declaration that he effectively rescinded the Loan. (Compl., ECF No. 1). In his Complaint, Kelly attempts to address the core deficiency that the Court identified in its October 2016 order—that Kelly did not allege that Defendants failed to satisfy the TILA's disclosure requirements. Kelly alleges that National Capital Title "failed to accurately disclose to Mr. Kelly the finance charges, the amount financed, and the Annual Percentage Rate ("APR")."[3] (Id. ¶ 33). According to Kelly, "[t]here is a substantial difference between the APR in the initial TILA disclosure to Mr. Kelly by National Capital Title and the final TILA disclosure." (Id.). This discrepancy in the APR results from two misstatements in other documents: (1) "[t]he truth in Lending Disclosure Statement shows the Finance Charge as $1,975,001.77, which is understated by more than $100," (id. ¶ 34); and (2) "[t]he amount financed as set forth on Line 202 of the HUD-1 is not accurately reflected in the Amount Financed as stated on the Truth in Lending Disclosure Statement," (id. ¶ 35). These misstatements lead to "an understatement of the APR in excess of 1/8 of 1 percent." (Id. ¶ 36). Additionally, Kelly alleges that National Capital Title failed to include "the Uniform Residential Loan Applications . . . in the closing package," which made it impossible for Kelly "to know if he received the annual percentage interest rate and terms he requested." (Id. ¶ 37).

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). Kelly argues that the Court should not apply the Rule 12(b)(6) standard of review because it applies to actions for monetary relief and Kelly seeks only declaratory relief. Kelly contends that the Court is only required to resolve whether Kelly has standing to bring his declaratory action. This Court, however, consistently applies the Rule 12(b)(6) standard of review to declaratory actions. See, e.g., Nat'l All. for Accessibility, Inc. v. Millbank Hotel Partners, No. RDB 12-3223, 2013 WL 653955, at *6 (D.Md. Feb. 20, 2013) (applying Rule 12(b)(6) standard of review and dismissing complaint seeking declaratory judgment); Emanuel v. Ace Am. Ins. Co., No. ELH-11-875, 2011 WL 5881793, at *6 (D.Md. Nov. 23, 2011) (applying Rule 12(b)(6) standard of review to complaint seeking declaratory judgment). Accordingly, the Court will apply the Rule 12(b)(6) standard of review, which it sets forth below.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at

---

[3] Kelly does not name National Capital Title as a Defendant.

556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678. Additionally, if a defendant files a Rule 12(b)(6) motion based on an affirmative defense, the court should not grant the motion unless the grounds for the affirmative defense are clear on the face of the complaint. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)

For three years following a loan's closing, the TILA permits the borrower to rescind the loan if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure. See 15 U.S.C. § 1635(a), (f). To exercise the right of rescission, the borrower must notify the lender that the borrower intends to rescind the loan. See id. § 1635(a). If the borrower seeks to rescind based on the lender's failure to provide notice of the borrower's right of rescission or to make a material disclosure, the borrower must send written notice within three years after the date on which the loan closed. See Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790, 792 (2015).

Kelly seeks to rescind the Loan based on Defendants' purported failure to make material disclosures. (See Compl. ¶¶ 32–38). Defendants do not dispute that Kelly's June 10, 2008 and July 20, 2008 rescission notices were timely because Kelly sent them less than three years after the Loan closed. Defendants argue, however, that Kelly's suit is time-barred because Kelly did not file it within one year after Defendants failed to respond to Kelly's rescission notices. Kelly counters that his suit is not time-barred because all that is required to effectively rescind the Loan is sending timely notice. The Court agrees with Defendants.

The United States Court of Appeals for the Fourth Circuit has explained that when a borrower sends a timely rescission notice, that does not automatically complete the rescission and void the loan contract. See Am. Mortg. Network, Inc. v. Shelton, 486 F.3d 815, 821 (4th Cir. 2007) ("This Court adopts the majority view of reviewing courts that unilateral notification of cancellation does not automatically void the loan contract."); see also Gilbert v. Residential Funding LLC, 678 F.3d 271, 277 (4th Cir. 2012) ("We must not conflate the issue of whether a borrower has exercised her right to rescind with the issue of whether the rescission has, in fact, been completed and the contract voided."). Instead, if the lender agrees that rescission is warranted, the lender "must

'acknowledge[] that the right of rescission is available' and the parties must unwind the transaction amongst themselves." Gilbert, 678 F.3d at 277 (quoting Shelton, 486 F.3d at 821).

If the lender does not agree that rescission is warranted or does not respond to a borrower's recession notice, then "the borrower must file a lawsuit so that the court may enforce the right to rescind." Id. (citing Shelton, 486 F.3d at 821). The TILA requires the borrower to file this lawsuit within one year after the alleged TILA violation. 15 U.S.C. § 1640(e); see Gilbert, 678 F.3d at 278 ("Section 1640(e) provides a one-year statute of limitations for the filing of a suit once a violation of TILA has occurred."). A lender violates the TILA when it fails to respond to a borrower's rescission notice within twenty days after receiving the notice. See 15 U.S.C. § 1635(b).

Kelly argues that, as a matter of law, he effectively rescinded the Loan when he sent the June 10, 2008 and July 20, 2008 rescission notices. Kelly invites the Court to flout clear and direct Fourth Circuit precedent that sending a timely rescission notice does not, as a matter of law, complete a rescission. See Shelton, 486 F.3d at 821; see also Gilbert, 678 F.3d at 277. The Court declines this invitation.

The face of the Complaint is clear that Defendants did not respond to Kelly's June 10, 2008 and July 20, 2008 rescission notices. (Compl. ¶¶ 15, 16). Assuming Defendants received the notices on the same dates on which Kelly sent them, the TILA required the Defendants to respond by no later than August 9, 2008, which is twenty days after July 20, 2008. See 15 U.S.C. § 1635(b). When the Defendants did not respond, the TILA's one-year statute of limitations required Kelly to sue by no later than August 9, 2009. See 15 U.S.C. § 1640(e); see also Gilbert, 678 F.3d at 278. Kelly, however, did not file this action until January 5, 2017—more than seven years after the statute of limitations expired. The Court, therefore, concludes that Kelly's suit is time-barred and subject to dismissal with prejudice.[4]

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. Kelly's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. Despite the informal nature of this memorandum, it shall constitute an Order of this Court and the Clerk is directed to docket it accordingly and CLOSE this case.

Very truly yours,

/s/

_____
George L. Russell, III
United States District Judge

---

[4] In his opposition memorandum, Kelly requests leave to amend. (See ECF No. 11 at 7–8). The Court will deny this request because Kelly's failure to file this action within the TILA's statute of limitations cannot be rectified as this juncture.